US District Court for the Northern District of California **FILED**

)    Craig Cunningham

)    Plaintiff, pro se

FEB 1 1 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

)

)

     v.

CIVIL ACTION NO.   **C19-0743**

KAW

)

)    Bruce Phillip Hood, Carey Gorge Howe, Jay Singh, and John/Jane Doe's 1-5

)    Defendants.

### Plaintiff's Original Complaint



1.  The Plaintiff in this case is Craig Cunningham, a natural person and was present
    in Collin County at all times relevant to the complaint, and currently has a mailing
    address of 3000 Custer Road, ste 270, Plano, Tx 75075.

2.  Bruce Hood is an officer of CBC Conglomerat LLC, hereafter CBC, which is an
    address of 5862 Bolsa Ave ste 102, Huntington Beach, CA 92649 or 7722 Timber
    Cir., Apt 1, Huntington Beach, CA 92648.

3.  Carey George Howe is an officer of CBC Conglomerate and can be served at
    5862 Bolsa Ave ste 102, Huntington Beach, CA 92649 or 8282 Valencia Dr.,
    Huntington Beach, CA 92647 or 316 16th Street, Huntington Beach, CA 92648.

4.  Jay Singh is the CEO of USFFC Inc and can be served at 7901 stoneridge Dr. ste
    504, Pleasanton, CA 94588 or 27 Carmen Ct., Danville, CA 94506 or 500
    Ygnacio Valley Road, ste 430 Walnut Creek, CA 94596. . \

## Jurisdiction

5.   Jurisdiction of this court arises as the defendants continuous and systematic contacts within the state of California in placing numerous phone calls to consumers across the country as part of a robocall marketing campaign in which numerous phone calls were made to consumers across the country. The Defendants live, work, and own businesses within the state of California. Subject matter jurisdiction is apparent as the TCPA is a federal question under 28 USC 1331.

6.   Venue in this District is proper as the defendants are subject to personal jurisdiction based on the continuous and systematic contacts within the forum state of California.

## FACTUAL ALLEGATIONS

### 2015 Tennessee Case

7.   In 2015, the Plaintiff received multiple automated phone calls to the Plaintiff's cell phone, which was 615-212-9191 at the time. These calls were clearly automated and made by an automated telephone dialing system as defined by 47 USC 227(a)(1), which can store or produce telephone numbers to be called using a random or sequential number generator.

8.   The Plaintiff sued the above named defendants in Cunningham v CBC Conglomerate 3:15-cv-00439 in the Middle District of Tennessee for violations of the TCPA. The Plaintiff sued the corporate officers as well in the Tennessee case

and the corporate officers were individually aware that the Plaintiff did not want to receive calls from them and that by dialing 615-212-9191 they were going to to reach the Plaintiff.

### 2017 Calls by the Defendants

9.  Despite suing and settling with the Defendants in the Tennessee lawsuit and it being obvious to the dullest of observers that under no circumstances should the defendants call 615-212-9191, in 2017, the Defendants began calling again offering student loan services again.

10. Defendant Jay Singh,  and the individual defendants are liable for the calls placed on their behalf and for their benefit to the Plaintiff's cell phone 615-212-9191 offering unsolicited student loan consolidation services. These calls were initiated using an automated telephone dialing system and were not related to any emerency purpose. Each and every call had a delay of 3-4 seconds of dead air indicating the calls were initiated using an automated telephone dialing system. Also, given disclosures and discovery in the previous lawsuit, the Defendants admitted to using an automated telephone dialing system to call consumers including the Plaintiff.

11. The Defendants provided the Plaintiff with a contract to sign that detailed contract #22966281 and listed several addresses for contact of 1file.org, 5772 Bolsa Ave., ste 220 Huntington Beach, CA 92649 and the phone number 844-593-8072. The contract specifically states that the Plaintiff appoints USFFC.org as my attorney-in-fact and lists the address of 7901 Stoneridge Dr., ste 504, Pleasanton, CA

94588 and the phone number of 844-593-8072 and lists the email address of :

processing@USFFC.ORG. This contract is listed as exhibit A an attachment to

the original complaint.

12. In these calls, the defendants falsely claimed to be part of the US Federal

Goverment stating that they were with the "Federal Student Loan Forgiveness

Department"

### ALLEGED CALLS

13. The Plaintiff alleges between 107 calls that were made by the Defendants, of

which 90 are represented on discovery responses produced by the telecom Magna

5 Global, which transmitted the calls in question and the Defendants have

admitted were the telecom that transmitted the calls:

| CALL START DATE | CALL START TIME | OUTPULSED NUMBER | RAW SECONDS | FROM NUMBER | CUSTOMER DIALED # |
|---|---|---|---|---|---|
| 28/07/2017 | 23:27:52 | 6158730000 | 71 | 9252042079 | 6152129191 |
| 28/07/2017 | 23:29:36 | 6158730000 | 3 | 9252042079 | 6152129191 |
| 28/07/2017 | 0:09:32 | 6158730000 | 2 | 9252042078 | 6152129191 |
| 01/08/2017 | 19:20:03 | 6158730000 | 29 | 9252042076 | 6152129191 |
| 02/08/2017 | 19:56:26 | 6158730000 | 2 | 9252042077 | 6152129191 |
| 03/08/2017 | 16:34:30 | 6158730000 | 4 | 9252042078 | 6152129191 |
| 03/08/2017 | 21:33:09 | 6158730000 | 20 | 9252042078 | 6152129191 |
| 04/08/2017 | 22:05:02 | 6158730000 | 2 | 9252042079 | 6152129191 |
| 08/08/2017 | 18:13:48 | 6158730000 | 2 | 9252042076 | 6152129191 |
| 09/08/2017 | 18:50:20 | 6152129191 | 2 | 9252042077 | 6152129191 |
| 09/08/2017 | 0:37:25 | 6152129191 | 2 | 9252042076 | 6152129191 |
| 09/08/2017 | 22:36:50 | 6152129191 | 2 | 9252042077 | 6152129191 |
| 10/08/2017 | 0:45:41 | 6158730000 | 4 | 9252042077 | 6152129191 |
| 10/08/2017 | 23:54:49 | 6158730000 | 2 | 9252042078 | 6152129191 |
| 10/08/2017 | 19:46:09 | 6158730000 | 2 | 9252042078 | 6152129191 |
| 10/08/2017 | 16:40:11 | 6158730000 | 2 | 9252042078 | 6152129191 |
| 10/08/2017 | 17:59:01 | 6158730000 | 2 | 9252042078 | 6152129191 |
| 11/08/2017 | 16:55:27 | 6158730000 | 2 | 9252042079 | 6152129191 |

| 11/08/2017 | 23:58:52 | 6158730000 | 2 | 9252042079 | 6152129191 |
|---|---|---|---|---|---|
| 11/08/2017 | 22:46:46 | 6158730000 | 2 | 9252042079 | 6152129191 |
| 12/08/2017 | 17:14:27 | 6158730000 | 2 | 9252042075 | 6152129191 |
| 12/08/2017 | 22:39:15 | 6158730000 | 2 | 9252042075 | 6152129191 |
| 13/08/2017 | 0:22:49 | 6158730000 | 2 | 9252042075 | 6152129191 |
| 14/08/2017 | 19:48:03 | 6158730000 | 7 | 9252042075 | 6152129191 |
| 14/08/2017 | 22:50:28 | 6158730000 | 3 | 9252042075 | 6152129191 |
| 15/08/2017 | 22:10:20 | 6158730000 | 2 | 9252042076 | 6152129191 |
| 17/08/2017 | 0:19:38 | 6158730000 | 2 | 9252042077 | 6152129191 |
| 18/08/2017 | 0:42:17 | 6158730000 | 2 | 9253061550 | 6152129191 |
| 16/08/2017 | 21:29:58 | 6158730000 | 2 | 9252042077 | 6152129191 |
| 24/08/2017 | 21:48:52 | 6158730000 | 3 | 9252042078 | 6152129191 |
| 25/08/2017 | 0:59:03 | 6158730000 | 2 | 9252042078 | 6152129191 |
| 26/08/2017 | 0:20:46 | 6158730000 | 2 | 9253061551 | 6152129191 |
| 29/08/2017 | 0:48:22 | 6158730000 | 2 | 9253061547 | 6152129191 |
| 29/08/2017 | 23:17:05 | 6158730000 | 2 | 9253061548 | 6152129191 |
| 30/08/2017 | 0:54:25 | 6158730000 | 2 | 9253061548 | 6152129191 |
| 07/09/2017 | 22:41:43 | 6158730000 | 3 | 9252042078 | 6152129191 |
| 20/09/2017 | 0:42:48 | 6158730000 | 2 | 9253061548 | 6152129191 |
| 21/09/2017 | 18:24:46 | 6158730000 | 3 | 9253061550 | 6152129191 |
| 30/09/2017 | 0:40:08 | 6158730000 | 2 | 9253061551 | 6152129191 |
| 03/10/2017 | 0:07:19 | 6158730000 | 2 | 9253061547 | 6152129191 |
| 03/10/2017 | 0:32:07 | 6158730000 | 2 | 9253061547 | 6152129191 |
| 03/10/2017 | 21:19:42 | 6158730000 | 4 | 9253061548 | 6152129191 |
| 07/10/2017 | 0:36:28 | 6158730000 | 2 | 9253061551 | 6152129191 |
| 10/10/2017 | 23:27:58 | 6158730000 | 2 | 9253061548 | 6152129191 |
| 10/10/2017 | 22:21:50 | 6158730000 | 2 | 9253061548 | 6152129191 |
| 10/10/2017 | 22:54:51 | 6158730000 | 2 | 9253061548 | 6152129191 |
| 11/10/2017 | 17:04:33 | 6158730000 | 2 | 9253061549 | 6152129191 |
| 11/10/2017 | 22:59:36 | 6158730000 | 2 | 9253061549 | 6152129191 |
| 11/10/2017 | 21:22:20 | 6158730000 | 2 | 9253061549 | 6152129191 |
| 12/10/2017 | 0:24:02 | 6158730000 | 2 | 9253061549 | 6152129191 |
| 12/10/2017 | 21:32:25 | 6158730000 | 2 | 9253061550 | 6152129191 |
| 12/10/2017 | 19:31:54 | 6158730000 | 2 | 9253061550 | 6152129191 |
| 12/10/2017 | 22:50:17 | 6158730000 | 2 | 9253061550 | 6152129191 |
| 13/10/2017 | 1:45:28 | 6158730000 | 4 | 9253061550 | 6152129191 |
| 13/10/2017 | 1:47:36 | 6158730000 | 544 | 9253061550 | 6152129191 |
| 13/10/2017 | 0:42:03 | 6158730000 | 22 | 9253061550 | 6152129191 |
| 13/10/2017 | 0:43:01 | 6158730000 | 65 | 9253061550 | 6152129191 |
| 14/10/2017 | 0:39:41 | 6158730000 | 942 | 9253061551 | 6152129191 |
| 23/10/2017 | 23:59:34 | 6158730000 | 3 | 9253061547 | 6152129191 |
| 24/10/2017 | 0:00:12 | 6158730000 | 4 | 9253061547 | 6152129191 |
| 24/10/2017 | 0:06:47 | 6158730000 | 5 | 9253061547 | 6152129191 |
| 24/10/2017 | 1:11:25 | 6158730000 | 1610 | 9253061547 | 6152129191 |

| 24/10/2017 | 1:39:26 | 6158730000 | 14 | 9253061547 | 6152129191 |
|---|---|---|---|---|---|
| 24/10/2017 | 1:49:28 | 6158730000 | 4 | 9253061547 | 6152129191 |
| 24/10/2017 | 1:50:10 | 6158730000 | 4 | 9253061547 | 6152129191 |
| 24/10/2017 | 17:11:19 | 6158730000 | 4 | 9253061548 | 6152129191 |
| 24/10/2017 | 1:51:21 | 6158730000 | 2 | 9253061547 | 6152129191 |
| 24/10/2017 | 18:14:43 | 6158730000 | 4 | 9253061548 | 6152129191 |
| 24/10/2017 | 18:16:29 | 6158730000 | 28 | 9253061548 | 6152129191 |
| 24/10/2017 | 18:17:13 | 6158730000 | 4 | 9253061548 | 6152129191 |
| 24/10/2017 | 18:17:53 | 6158730000 | 5 | 9253061548 | 6152129191 |
| 24/10/2017 | 23:57:41 | 6158730000 | 1 | 9253061548 | 6152129191 |
| 25/10/2017 | 17:28:06 | 6158730000 | 1 | 9253061549 | 6152129191 |
| 26/10/2017 | 17:33:19 | 6158730000 | 2 | 9253061550 | 6152129191 |
| 26/10/2017 | 0:34:54 | 6158730000 | 2 | 9253061549 | 6152129191 |
| 26/10/2017 | 18:51:10 | 6158730000 | 2 | 9253061550 | 6152129191 |
| 26/10/2017 | 22:39:12 | 6158730000 | 2 | 9253061550 | 6152129191 |
| 26/10/2017 | 19:21:20 | 6158730000 | 2 | 9253061550 | 6152129191 |
| 28/10/2017 | 0:42:41 | 6158730000 | 2 | 9253061551 | 6152129191 |
| 31/10/2017 | 20:44:44 | 6158730000 | 2 | 9253061548 | 6152129191 |
| 07/11/2017 | 20:49:59 | 6158730000 | 2 | 9253061548 | 6152129191 |
| 07/11/2017 | 21:59:48 | 6158730000 | 3 | 9253061548 | 6152129191 |
| 08/11/2017 | 19:25:18 | 6158730000 | 5 | 9253061549 | 6152129191 |
| 08/11/2017 | 19:17:47 | 6158730000 | 1 | 9253061549 | 6152129191 |
| 08/11/2017 | 18:19:16 | 6158730000 | 2 | 9253061549 | 6152129191 |
| 09/11/2017 | 0:42:03 | 6158730000 | 1 | 9253061549 | 6152129191 |
| 09/11/2017 | 0:42:26 | 6158730000 | 1 | 9253061549 | 6152129191 |
| 22/11/2017 | 21:44:29 | 6158730000 | 24 | 9253061549 | 6152129191 |
| 15/12/2017 | 19:00:03 | 6158730000 | 33 | 9253061551 | 6152129191 |
| 18/12/2017 | 21:06:47 | 6158730000 | 19 | 9253061547 | 6152129191 |

14. Based on information disclosed in the previous lawsuit, that the Defendants

obtained the Plaintiff's cell phone from a lead broker that provided inaccurate

information about the Plaintiff being interested in student loan consolidation.

Buying leads fails to convey express written consent, particularly when the

individual called is not the right person. The Plaintiff never gave the lead broker

or any of the defendants his cell phone number and never gave express or implied

consent for the defendants or any lead brokers to call his cell phone using an automated telephone dialing system or with a pre-recorded message.

15. None of the defendants maintained an internal do not call list during the time the calls were placed to the Plaintiff. None of the defendants placed the Plaintiff's phone number on an internal do-not-call list. None of the telemarketers calling on behalf of the defendants identified themselves upon calling the Plaintiff as they should have

16. The Defendants would have had to obtained the Plaintiff's signature clearly authorizing automated/pre-recorded calls to the Plaintiff's cell phone for the calls to be permitted under the law, and the Plaintiff has signed no such document for the defendants. Furthermore, the Defendants knew by virture of being sued previously by the Plaintiff that the Plaintiff did not want to be called by the Defendants and the Defendants should have put the Plaintiff on their internal do-not-call list, which they did not maintain as required by the TCPA.

17. Defendants Bruce Phillip Hood and Carey Gorge Howe are engaging in a student loan scam designed to dupe unwitting individuals with student loans into using their "document preparation" services to consolidate their student loans and to apply for income based repayment, charging a large up front fee of $549 and a monthly maintainence fee of $39.

18. Defendant Jay Singh called the Plaintiff on behalf of Bruce Phillip Hood and Carey Gorge Howe, with the full knowledge of, and for the benefit of Defendants Bruce Phillip Hood and Carey Gorge Howe. Defendant Jay Singh offered the

services of Defendants Bruce Phillip Hood and Carey Gorge Howe in each and every call and Defendants Bruce Phillip Hood and Carey Gorge Howewas the only entity listed on the loan consolidation paperwork the Plaintiff was supposed to sign. Defendant CBC hired Defendant USFFC to place calls on their behalf to individuals looking for student loan consolidation using purchased leads and Defendant CBC sought to profit from these activities after the contracts were signed.

19. Defendants Bruce Phillip Hood and Carey Gorge Howe wrote the parameters for the generation of student loan consolidation prospects for which leads were purchased, and failed to supervise, control, or direct the actions of their agent, Defendant Jay Singh in placing telemarketing calls.

20. Defendants Bruce Phillip Hood and Carey Gorge Howe essentially hired Defendant Jay Singh to break the law on their behalf by placing illegal telemarketing calls to consumers for which Defendant CBC would profit.

21. Defendants Bruce Phillip Hood and Carey Gorge Howe are directly liable for each and every call as they arranged for the phone calls to be placed on their behalf and is considered a "Seller" under the FCC's guidance and TCPA.

22. Furthermore, Defendants Bruce Phillip Hood and Carey Gorge Howe signed an exclusive contract with Jay Singh for Jay Singh to "Deliver all leads it obtains" to Bruce Phillip Hood and Carey Gorge Howe wtihin one business day of receipt. Bruce Phillip Hood and Carey Gorge Howe had the right to monitor access and maintained administrative and access rights to an online server used to transfer

leads from Jay Singh to Bruce Phillip Hood and Carey Gorge Howe and had the right to deny access to Jay Singh if Jay Singh violated the terms and conditions and maintained sole discretion to change, revise, modify, delete, or discontinue the functionality and scope of the service and software used to trasnsmit the leads between Jay Singh and Bruce Phillip Hood and Carey Gorge Howe.

23. Even though Bruce Phillip Hood and Carey Gorge Howe knew that Jay Singh was violating the TCPA and placing illegal telemarketing calls, Bruce Phillip Hood and Carey Gorge Howe decided to continue to pay and use the services of Jay Singh to obtain leads for more than a year after the Plaintiff's lawsuit against them in the Tennessee case settled resulting in additional calls being placed to the Plaintiff. Bruce Phillip Hood and Carey Gorge Howe knew that Jay Singh was engaging in illegal telemarketing for their benefit and despite having full authority to terminate the relationship with Jay Singh, ratified Jay Singh's illegal conduct and continued to use his services.

## VICARIOUS LIABILITY

24. Defendants Bruce Phillip Hood and Carey Gorge Howe are also vicariously liable under the FCC's ruling according to the traditional agency principles to include actual authority, apparent authority, and ratification.

25. Defendants Bruce Phillip Hood and Carey Gorge Howe are liable under actual authority as they directly hired Defendant USFFC to place illegal telephone calls and authorized the illegal telephone calls.

26. Defendants Bruce Phillip Hood and Carey Gorge Howe contracted and with Defendant Jay Singh for the purposes of placing automated calls to consumers.

27. Defendants Bruce Phillip Hood and Carey Gorge Howe is liable under apparent authority as a reasonable person would have understood that Defendant Jay Singh as Defendant Bruce Phillip Hood and Carey Gorge Howe agent had authority to act on their behalf by placing telephone calls to consumers including the Plaintiff.

28. Defendants Bruce Phillip Hood and Carey Gorge Howe is liable under the theory of ratification as they knowingly acceptend the benefits and profits of the illegal conduct and approved of the illegal telephone calls to happen under the doctrines of apparent authority, actual authority, and ratification.

29. Defendants Bruce Phillip Hood and Carey Gorge Howe sent the Plaintiff paperwork for consolidating his student loans which explained the entire process and costs involved. The fees in question are for loan consolidation, which most people could complete within 10-15 minutes online with ease. These "services" are outrageously priced and do not represent a good or fair value for any consumer for essentially performing data entry.

**30.** The calls in question violated 47 USC 227(b) entitling the Plaintiff to a recover of $1500 for making calls using an automated telephone dialing system and containing a pre-recorded message and 47 USC 227(c)(5) as codified by 47 CFR 64.1200 under the FCC's rulemaking authority entitling the Plaintiff to an additional recovery of $1500 for violating 47 CFR 64.1200(b) and 47 CFR 64.1200(d)(4) as the defendants failed to have a a written policy regarding

telemarketing, trained personnel who engage in telemarketing, failed to identify the seller and telemarketers, and failed to maintain a do-not-call list. In total, the Defendants owe the Plaintiff $3,000 per call.

### The Plaintiff's Cell Phone is a residential number

31. The text messages were to the Plaintiff's cellular phonne 615-212-9191, which is the Plaintiff's personal cell phone that he uses for personal, family, and household use. The Plaintiff maintains no landline phones at his residence and has not done so for at least 10 years and primarily relies on cellular phones to communicate with friends and family. The Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. The Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

### Invasion of Privacy-Intrusion of Seclusion

32. The Defendants intentionally intruded on the Plaintiff's solitude by placing over 90 phone calls to the Plaintiff particularly after being sued and on clear notice that the Plaintiff did not want to be called on 615-212-9191, which is the exact same phone number that the Plaintiff was called on and sued the defendants for calling in the previous lawsuit.

33. The Defendants intruded on the Plaintiff's right to be left alone calling multiple times per day in some instances, hounding the Plaintiff when they knew that the Plaintiff was not interested in their services and wanted to be left alone.

34. Any ordinary person would be highly offended by being repeatedly called particularly after previously suing the same individual for harassing and annoying phone calls. The intrusion is illegal, unjustified, and unreasonable.

## FDCPA Violations

35. The Defendants violated 15 USC 1692(e) by making false or misleading representations in an attempt to collect a debt. The Defendants falsely claimed to be part of the US Government and falsely stated their names as opposed to stating their true business or legal names.

## CAUSES OF ACTION:

## COUNT I

## Violations of the Telephone Consumer Protection Act (TCPA)

## 47 USC 227(c)(5) via 47 CFR 64.1200(d)

36. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.


37. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing calls with pre-recorded/automated messages to the Plaintiff's cell phone that lacked the name or address of the entity placing the phone calls in violation of 47 USC(c)(5) as codified by the FCC's rulemaking under 47 CFR 64.1200(d)(4), failing to have a written policy regarding telemarketing, failing to

maintain a do-not-call list, and failing to have trained personnel who engage in telemarketing.

## CAUSES OF ACTION:

## COUNT II

## Violations of the Telephone Consumer Protection Act (TCPA) 47 USC 227(b)

38. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

39. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell phone. These phone calls also violated the TCPA by being automated as defined by the TCPA in violation of 47 USC 227(b)

## CAUSES OF ACTION:

## COUNT III

## Invasion of Privacy-Intruion on Seclusion

40. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

41. The foregoing actions by the Defendants constitute multiple intrusions upon the seclusion of the Plaintiff.

## CAUSES OF ACTION:

## COUNT IV

## Violations of the Fair Debt Collections Practices Act (FDCPA)

42. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

43. The foregoing actions by the Defendants constitute multiple breaches of the FDCPA by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell phone. These phone calls also violated the FDCPA by being automated as by making false or misleading representations in an attempt to collect a debt

## PRAYER FOR DAMAGES AND RELIEFS

A.  WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against each and every defendant, jointly and severally for the following:

B.  Statutory damages of $3000 for each phone call.

C.  Statutory damages of $1,000 for violations of the FDCPA

D.  Pre-judgment interest from the date of the phone calls.

E.  Costs of bringing this action; and

F.   For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted,

Craig Cunningham

Plaintiff, Pro-se

Mailing address: 3000 Custer Road, ste 270-206 Plano, Tx 75075

615-348-1977

2/6/2019