UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG CUNNINGHAM,<br><br>Plaintiff,<br><br>v.<br><br>BRUCE PHILLIP HOOD, et al.,<br><br>Defendants. | Case No. 19-cv-00743-JST<br><br>**ORDER TO SHOW CAUSE; ORDER SETTING FURTHER CASE MANAGEMENT CONFERENCE**<br><br>Re: ECF No. 14 |

By prior order, the Court scheduled a case management conference for June 26, 2019 at 2:00 p.m. and ordered the parties to file a case management statement by than June 19, 2019. ECF No. 14. No statement was filed and no one appeared in court on June 26, 2019. It appears from the docket that the defendants were served with the complaint but have not appeared in the litigation.

Accordingly, and good cause appearing, plaintiff Craig Cunningham is hereby ORDERED TO SHOW CAUSE why he should not be sanctioned for his failure to comply with the Court's orders.[1]

A written response to this order to show cause is due by July 24, 2019. A further case

---

[1] "All Federal Courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders . . . . As a function of this power, courts can . . . award attorney's fees and assess fines." *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964-65 (9th Cir. 2004) (per curiam) (first alteration in original) (quoting *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001)). Such sanctions are warranted in cases of "willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* (alteration in original) (quoting *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001)). However, "a 'willful' violation of a court order does not require proof of mental intent such as bad faith or an improper motive, but rather, it is enough that a party acted deliberately." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012).

management conference is scheduled for July 31, 2019 at 2:00 p.m. A case management statement is due by July 24, 2019. If Plaintiff fails to file a written response to this order to show cause, fails to file a case management statement as ordered, or fails to appear at the July 31 case management conference, the Court may conclude that Plaintiff has abandoned his case and dismiss it without prejudice.

Plaintiff is reminded that he may seek leave to appear in court by telephone. *See* Civ. L.R. 16-10(a) ("Requests to participate in the conference by telephone must be filed and served at least 7 days before the conference or in accordance with the Standing Orders of the assigned Judge."); Standing Order for All Civil Cases Before District Judge Jon S. Tigar § E, https://cand.uscourts.gov/filelibrary/1156/Civil-Standing-Order-JST-03.19.19.pdf.

**IT IS SO ORDERED.**

Dated: June 25, 2019

_____
JON S. TIGAR
United States District Judge